*FRUGE & AL. vs. LA CASE & AL.*

Although three witnesses only could be had, at the house in which, and at the instant when, the will was executed, if a fourth might have been obtained by going or sending to another house not very distant, & no necessity existed for the immediate execution of the will, the requisites of the code are not complied with, and the will is not duly executed.

APPEAL from the court of the fifth district.

MARTIN,* J. delivered the opinion of the court. The plaintiffs claim the estate of the late Perrine Malvaux, as her legal heirs, in the possession of the defendants. These pleaded the general issue, expressly denying the heirship of the plaintiffs; that Perrine Malvaux made a will by which she bequeathed all her property to the defendants. Further, that they are creditors of the estate to the amount of 4000 dollars, for board, washing and lodgings, &c. during the ten years preceding her death; for which they pray judgment, if the will be disallowed and the plaintiffs declared heirs.

There was judgment for the defendants and the plaintiffs appealed.

The statement of facts shewed, that the

---

*Porter, J. did not join in this opinion, having been of counsel for the defendants.

plaintiffs are heirs, as they stated themselves to be, and the possession of the defendants of part of the estate.

The defendants produced a paper, purporting to be the will of the deceased, brought into court by the parish judge, who deposed that it had been partially, but not wholly, proved, and that the execution of it had not yet been ordered.

Lavergne deposed that the will was made at L. Dupre's in the country, where three witnesses only could be procured; that, after the will was made, he folded up the paper on which he had written it and handed it to the testatrix, who went with him and the other two subscribing witnesses, to Debaillon's store, where they procured the signatures of four other witnesses, on the envelope. The will had been made and attested by three subscribing witnesses at Dupre's. Before signing, he read it audibly, and after the testatrix had well heard and understood it, she presented it to him, and L. & J. Dupre, declaring it to be her will. After seeing the testatrix sign, the three witnesses subscribed, and he, by her order delivered it to her; and without turning aside for any thing, they went to Debaillon's, where she

HARVARD LAW SCHOOL LIBRARY

West'n District
*Aug.* 1823.

Fruge & al.
*vs.*
Lacase & al.

presented the will, enclosed in a sealed enveiope, to the seven witnesses, whose signatures are on the envelope, and declared it to be her will, and he saw her and the seven witnesses subscribe, on the envelope. He and L. Dupre lived at the house where the will was made, and the other witnesses about a league off.

L. & J. Dupre, the two subscribing witnesses to the will, corroborate the testimony of Lavergne.

The proof of the will was taken in the district court, by consent of the parties. The plaintiffs reserving all exceptions, except as to the time and place, and the want of the order of the parish judge that the will be executed.

It is true three witnesses suffice to a nuncupative will, under private signature, made in the country, when a greater number cannot be procured. Five is the legal number required, if possible.

In the present case, Lavergne swears that not more than three could be procured at *Dupre's*, when the will was made; the two other witnesses assert it, and the district judge, it seems, has taken this for granted.

Notwithstanding the inclination of every member of this tribunal to respect the decision

of inferior judges, in matters of fact, we are un-
able to adopt the conclusion of the judge *a quo*
in this case.

West'n District
*Aug.* 1823.

FRUGE & AL.
*vs.*
LACASE & AL.

The testimony shews that it would have been
not only possible, but extremely easy and con-
venient, to have procured the five witnesses
whom the law requires, if the parties had been
apprised of the imperious necessity of procu-
ring them.

We believe, because three witnesses depose,
that at the time the will was signed, there were
only the three witnesses, who subscribed it, in
the house ; but it is also sworn that there were
four others residing within a league, and that a
fifth, [Debaillon] was to be had by calling on
him, and that he lived at no inconvenient dis-
tance, since the testatrix and the three subscri-
bing witnesses, found it convenient, immedi-
ately, *without turning aside to any thing else*,
to go there, in order to comply with certain for-
malities, which, we presume, were thought ne-
cessary to the completion of the will.

It is clear from the testimony, that there
were only three witnesses to be had at Du-
pre's when the will was made.

But the law, being satisfied with that num-
ber, only in case a greater number *cannot* be

West'n District
*Aug.* 1823.

FRUGE & AL.
*vs.*
LACASE & AL.

procured, required a resort to the means by which witnesses can be procured: *i. e.* by sending for the required number, when this is possible, or at least not very inconvenient.

Four witnesses are sworn to reside within a league of Dupre's ; the distance to Debaillon's, a fifth, is not stated ; but as the testatrix and the three subscribing witnesses went thither *immediately after the will was signed*, it requires much credulity to yield assent to the proposition, that it was either impossible, or at least vastly inconvenient for the same persons to have gone there, before the will was made. It is clear that it was believed, if not certainly known, that by so doing, Debaillon's presence might have been obtained as a fourth witness ; and so a greater number than three procured.

But it is urged that the four additional witnesses, whose signatures are on the envelope, may be reckoned as subscribers of the will.

It seems apparent, that the testatrix or her advisers, thought that Debaillon, being a justice of the peace, a *mystic* will might be made before him and four witnesses, as if he had been a notary.

Admitting that the witnesses, who subscribe on the envelope of an intended mystic will,

without the intervention of a notary, are
to be considered as subscribers to the enclosed will, there would not be any necessity of
the intervention of this officer in a mystic will ; for then the will would necessarily be support- ed, as a nuncupative will under private signa- ture. And when the will is ordered to be exe- cuted, it is of no kind of importance whether it be so as a mystic will, or otherwise. The dis- tinction, between the different kinds of wills, is of no consequence, except in order to regulate the probate.

We are of opinion that the conclusion to which the witnesses have come, that no more than three witnesses could be obtained at Dupre's, where the will was made, cannot be binding on us, so as to authorize us to act on it, as establishing the impossibility, of ob- taining more than three witnesses on which that number is made to suffice.

We conclude that the plaintiffs have made out their case, and that the district judge ought to have decreed the delivery to them, of the part of the estate proven to be in the hands of the defendants.

But the latter have re-convened the former and required that judgment might be given for

FRUGE & AL.
*vs.*
LACASE & AL.

the sum which they claim, as creditor, of the estate.

The plaintiffs deny the right of the defendants to the reconvention.

As the conclusion to which the district judge came, on the plaintiffs' claim, rendered his examining the right of the defendants to re-convene the plaintiffs, and the legitimacy and amount of the demand, unnecessary; as in case of a re-convention, one judgment ought to put an end to the claims of both parties, and as the testimony, on this part of the case, does not appear perfectly satisfactory to us, we deem it best to remand the cause for a new trial, without expressing any opinion on the right of the defendants to re-convene the plaintiffs.

It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and the case be remanded for a new trial, and that the costs of this appeal be paid by the defendants and appellees.

*Brownson & Lessassier* for the plaintiffs, *Si-mon* for the defendants.